UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| **GREGORY BOURKE, et al.** | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | CASE No. 3:13-CV-750 (JGH) |
| | ) | *Electronically filed* |
| **STEVE BESHEAR, et al.** | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

___

<u>**DEFENDANTS STEVEN L. BESHEAR, IN HIS OFFICIAL CAPACITY AS
GOVERNOR OF KENTUCKY, AND JACK CONWAY, IN HIS OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF KENTUCKY'S ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**</u>

\* \* \* \*

Comes Defendant Steven L. Beshear,[1] in his official capacity as Governor of Kentucky

("Governor), and Defendant Jack Conway, in his official capacity as Attorney General of

Kentucky ("Attorney General"), together "the Defendants", by counsel, and respond to Plaintiffs

Gregory Bourke, et al.'s Complaint for Declaratory and Injunctive Relief ("Complaint").

1. Paragraph 1.     Plaintiffs' Complaint speaks for itself and does not require a response.

2. Paragraph 2.     The Defendants admit that Kentucky does not recognize same sex

   marriages. The Defendants are without knowledge or information sufficient to form a belief

   as to the truth of Plaintiffs' allegations in the remainder of the paragraph and therefore cannot

   admit or deny those allegations.

___

[1] Plaintiffs misspell Governor Beshear's name as "Steve Breshear" throughout their complaint.

3.  Paragraph 3.        The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

4.  Paragraph 4.        The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

5.  Paragraph 5.         The Defendants are without knowledge or information sufficient to form a belief as to the remainder of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

6.  Paragraph 6.        The Defendants admit that Kentucky does not recognize same sex marriages. The Defendants are without knowledge or information sufficient to form a belief as to the remainder of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

7.  Paragraph 7.        Admit.

8.  Paragraph 8.        The Defendants admit that Kentucky does not recognize same sex marriages. The Defendants are without knowledge or information sufficient to form a belief as to the remainder of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

9.  Paragraph 9.        The Defendants are without knowledge or information sufficient to form a belief as to the remainder of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

10. Paragraph 10.        The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore

cannot admit or deny those allegations. The allegations also contain legal conclusions to which no answer is required.

11. Paragraph 11.      The Defendants admit the allegations in this paragraph to the extent the paragraph merely quotes *U.S. v. Windsor,* 133 S.Ct. 2675 (2013). The paragraph contains legal conclusions to which no answer is required.

12. Paragraph 12.      The Defendants admit that laws prohibiting marriage between people of different races were struck down as unconstitutional in *Loving v. Virginia*, 388 U.S. 1 (1967). The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remainder of Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

13. Paragraph 13.      The Defendants admit that 13 states and the District of Columbia currently recognize same-sex marriages. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remainder of Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

14. Paragraph 14.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

15. Paragraph 15.      The Defendants admit that Kentucky has enacted statutes regulating marriage. The Defendants further admit that "marriage contributes to society."  The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remainder of Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

16. Paragraph 16.      The paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny same.

17. Paragraph 17.      Plaintiffs' Complaint speaks for itself and does not require a response.

18. Paragraph 18.      The Defendants admit that Plaintiffs Bourke and Deleon have produced a marriage certificate from Ontario, Canada. The Defendants are without knowledge or information sufficient to form a belief as to the marriage status of the other Plaintiffs. The remainder of the paragraph contains legal conclusions to which no response is required.

19. Paragraph 19.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

20. Paragraph 20.      The Defendants admit that Kentucky does not recognize same sex marriage. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

21. Paragraph 21.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

22. Paragraph 22.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

23. Paragraph 23.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

24. Paragraph 24.     The Defendants admit that Plaintiffs Bourke and Deleon have produced a marriage certificate from Ontario dated Mar. 29, 2004, and that same-sex marriages were not recognized in Kentucky on that date.

25. Paragraph 25.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

26. Paragraph 26.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

27. Paragraph 27.     The Defendants admit that Plaintiffs would not qualify for the state inheritance tax rate for a married person.

28. Paragraph 28.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

29. Paragraph 29.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

30. Paragraph 30.     The Defendants admit that Kentucky does not recognize same-sex marriages. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remainder of Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

31. Paragraph 31.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

32. Paragraph 32.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

33. Paragraph 33.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

34. Paragraph 34.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

35. Paragraph 35.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

36. Paragraph 36.      The Defendants admit that Plaintiffs would not qualify for the state inheritance tax rate for a married person.

37. Paragraph 37.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

38. Paragraph 38.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

39. Paragraph 39.        The Defendants admit that Kentucky does not recognize same-sex marriage. The Attorney General is without knowledge or information sufficient to form a belief as to the truth of any of the remainder of Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

40. Paragraph 40.        The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

41. Paragraph 41.        The Defendants admit that Kentucky does not recognize same-sex marriage. The Attorney General is without knowledge or information sufficient to form a belief as to the truth of any of the remainder of Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

42. Paragraph 42.        The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

43. Paragraph 43.        The Defendants admit that Kentucky does not currently grant same-sex couples the same adoption status as married couples. KY. CONST. § 233A; KRS 199.470(2); KRS 402.040(2); *S.J.L.S. v. T.L.S.*, 265 S.W.3d 804, 816-18 (Ky. Ct. App. 2008). The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

44. Paragraph 44.        The Defendants admit that Kentucky does not recognize same-sex marriage. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remainder of Plaintiffs' allegations in this paragraph and therefore

cannot admit or deny those allegations. The paragraph also contains legal conclusions which do not require a response.

45. Paragraph 45.    The Defendants admit that Plaintiffs would not qualify for the state inheritance tax rate for a married person.

46. Paragraph 46.    The paragraph contains legal conclusions which do not require a response.

47. Paragraph 47.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

48. Paragraph 48.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

49. Paragraph 49.    The Defendants admit that Steven L. Beshear is the Governor of Kentucky, the chief executive officer of the Commonwealth, and is responsible for taking care that the laws of the Commonwealth be faithfully executed. The Defendants deny that Governor Beshear has any specific duties relating to the enforcement of determining which marriages are valid, as that has been committed by statute to county clerks. KRS 402.080; *Brown v. Barkley*, 628 S.W.2d 616, 623 (Ky. 1982).

50. Paragraph 50.    Admit. Plaintiffs' Complaint speaks for itself and requires no response.

51. Paragraph 51.    Admit. Plaintiffs' Complaint speaks for itself and requires no response.

52. Paragraph 52.    Admit. Plaintiffs' Complaint speaks for itself and requires no response.

53. Paragraph 53.    The Defendants admit that all Defendants are sued in their official capacities, as Plaintiffs' Complaint speaks for itself. The remainder of the paragraph contains legal conclusions which do not require a response.

54. Paragraph 54.    The Defendants admit that Plaintiffs' suit raises a federal question. The Defendants deny that this Court has jurisdiction for the reasons stated below.

55. Paragraph 55.    Admit.

56. Paragraph 56.    Admit.[2]

57. Paragraph 57.    Admit.

58. Paragraph 58.    The Defendants admit the allegations to the extent that Plaintiffs quote U.S. Supreme Court Cases.

59. Paragraph 59.    The paragraph contains legal conclusions which do not require a response.

60. Paragraph 60.    Admit.

61. Paragraph 61.    Admit.

62. Paragraph 62.    The Defendants admit that same-sex couples seeking to marry are just as willing as opposite-sex couples to assume the obligations of marriage. The Attorney General denies that same-sex couples can currently assume the obligations of marriage in Kentucky, as Kentucky law does not currently permit same-sex marriage.

63. Paragraph 63.    The Defendants admit that if same-sex couples were permitted to marry under Kentucky law, then same-sex couples would benefit equally from the legal protections and social recognition afforded to married couples.

64. Paragraph 64.    The Defendants admit that an individual's sex has previously been relevant to the individual's legal rights and duties within a marital relationship. The remainder of the paragraph contains legal conclusions which do not require a response.

65. Paragraph 65.    a.  Admit.

b.  Admit.[3]

---

[2] Plaintiffs cite to "Kentucky Constitution, Section 223A." The quotation is from KY. CONST. § 233A, and the Defendants presume that Plaintiffs intended to refer to that section.

The remainder of the paragraph contains legal conclusions which do not require a response.

66. Paragraph 66.      The paragraph contains legal conclusions which do not require a response.

67. Paragraph 67.      The paragraph contains legal conclusions which do not require a response.

68. Paragraph 68.      The Defendants admit that if same-sex couples were permitted to marry under Kentucky law, then same-sex couples would benefit equally from the legal protections and social recognition afforded to married couples.  The remainder of the paragraph contains legal conclusions which do not require a response.

69. Paragraph 69.      The Defendants admit that if same-sex couples were permitted to marry under Kentucky law, then same-sex couples would benefit equally from the legal protections and social recognition afforded to married couples.  The remainder of the paragraph contains legal conclusions which do not require a response.

70. Paragraph 70.      The Defendants admit that if same-sex couples were permitted to marry under Kentucky law, then same-sex couples would benefit equally from the legal protections and social recognition afforded to married couples.  The remainder of the paragraph contains legal conclusions which do not require a response.

71. Paragraph 71.      The Defendants admit that if same-sex couples were permitted to marry under Kentucky law, then same-sex couples would benefit equally from the legal protections and social recognition afforded to married couples.  The remainder of the paragraph contains legal conclusions which do not require a response.

72. Paragraph 72.      The Defendants admit that if same-sex couples were permitted to marry under Kentucky law, then same-sex couples would benefit equally from the legal protections

---

[3] Plaintiffs cite to KRS 404.40, which does not exist. The Attorney General presumes Plaintiffs intended to refer to KRS 404.040.

Case 3:13-cv-00750-JGH   Document 19   Filed 09/25/13   Page 11 of 18 PageID #: 231

and social recognition afforded to married couples.  The remainder of the paragraph contains legal conclusions which do not require a response.

73. Paragraph 73.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

74. Paragraph 74.      The allegations in this paragraph state legal conclusions and do not require an answer.

75. Paragraph 75.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

76. Paragraph 76.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

77. Paragraph 77.      The paragraph contains legal conclusions which do not require a response.

78. Paragraph 78.      The Defendants are without knowledge or information sufficient to form a belief as to the whether recognizing the marriages of same-sex couples will burden the Commonwealth financially or constitute a burden on business. The remainder of the paragraph contains legal conclusions which do not require a response.

79. Paragraph 79.      The Defendants admit that the Commonwealth has a vital interest in protecting the well-being of children. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remainder of Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. The paragraph contains also legal conclusions which do not require a response.

80. Paragraph 80.        The Defendants admit that Kentucky judges have granted adoptions to individuals who are in same-sex couples, the Commonwealth places children for adoption with individuals who are in same-sex couples, and that individuals in same-sex couples have been granted in loco parentis status. The Defendants deny that Kentucky treats gay and lesbian couples the same as heterosexual couples with respect to adoption and recognition as parents through the in loco parentis doctrine, as Kentucky does not currently grant same-sex couples the same adoption status as married couples. KY. CONST. § 233A; KRS 199.470(2); KRS 402.040(2); *S.J.L.S. v. T.L.S.*, 265 S.W.3d 804, 816-18 (Ky. Ct. App. 2008). The remainder of the paragraph contains legal conclusions that do not require a response or states facts for which the Defendants are without knowledge or information sufficient to form a belief as to their truth.

81. Paragraph 81.        The Defendants admit that recognized organizations, such as the American Psychological Association, have resolved, *inter alia*, that there is "no scientific evidence that parenting effectiveness is related to parental sexual orientation."[4]  The remainder of the paragraph contains legal conclusions that do not require a response or states facts for which the Defendants are without knowledge or information sufficient to form a belief as to their truth.

82. Paragraph 82.        The Defendants admit that the quotations cited accurately depict language cited in relevant court opinions.  The remainder of the paragraph contains legal conclusions that do not require a response or states facts for which the Defendants are without knowledge or information sufficient to form a belief as to their truth.

---

[4]American Psychological Association. *Sexual Orientation, Parents, & Children*. http://www.apa.org/about/policy/parenting.aspx

83. Paragraph 83.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

84. Paragraph 84.     The Defendants admit that there are over 2800 same-sex couples raising children in Kentucky according to the 2010 U.S. Census. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in the remainder of this paragraph and therefore cannot admit or deny those allegations.

85. Paragraph 85.     This paragraph incorporates and restates Plaintiffs' prior allegations, and therefore, the Defendants' prior answers are incorporated and restated as if fully set forth herein.

86. Paragraph 86.     Admit.

87. Paragraph 87.     Admit.

88. Paragraph 88.     The Defendants admit that Kentucky does not recognize same-sex marriages. The remainder of the paragraph states legal conclusions which do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

89. Paragraph 89.     The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

90. Paragraph 90.     The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

91. Paragraph 91.     The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

92. Paragraph 92.     This paragraph incorporates and restates Plaintiffs' prior allegations, and therefore, the Defendants' prior answers are incorporated and restated as if fully set forth herein.

93. Paragraph 93.     Admit.

94. Paragraph 94.     The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

95. Paragraph 95.     The paragraph contains a legal conclusion which does not require a response.

96. Paragraph 96.     The paragraph contains a legal conclusion which does not require a response.

97. Paragraph 97.     The paragraph contains a legal conclusion which does not require a response.

98. Paragraph 98.     Admit.

99. Paragraph 99.     The Defendants admit that the American Psychological Association and the American Psychiatric Association have issued statements that all major national mental health organizations have officially expressed concerns about therapies promoted to modify sexual orientation and advise against such treatments. The Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.

100.    Paragraph 100.         The Defendants deny that homosexuals lack statutory protection
against discrimination in employment at the federal level, as the EEOC recognizes sex-
stereotyping against homosexuals to be a form of sex discrimination. *Castello v. Donahoe*,
E.E.O.C. No. 0120111795 (Dec. 20, 2011). The Defendants admit that federal law does not
recognize discrimination on the basis of sexual orientation in the housing context, and that
Kentucky statutory law does not afford statutory protection against discrimination on the
basis of sexual orientation in employment accommodations and housing. The Defendants are
without knowledge or information sufficient to form a belief as to the truth of any of the
Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.
The paragraph also contains legal conclusions which do not require a response.

101.    Paragraph 101.         The paragraph contains legal conclusions which do not require a
response.

102.    Paragraph 102.         The allegations in this paragraph state legal conclusions and do not
require an answer; however, to the extent an answer may be deemed to be required, the
Defendants deny same.

103.    Paragraph 103.         The allegations in this paragraph state legal conclusions and do not
require an answer; however, to the extent an answer may be deemed to be required, the
Defendants deny same.

104.    Paragraph 104.         This paragraph incorporates and restates Plaintiffs' prior
allegations, and therefore, the Defendants' prior answers are incorporated and restated as if
fully set forth herein.

105.    Paragraph 105.         Admit.

106.     Paragraph 106.          Admit.[5]

107.     Paragraph 107.          The allegations in this paragraph state legal conclusions and do not

require an answer; however, to the extent an answer may be deemed to be required, the

Defendants deny same.

108.     Paragraph 108.          The Defendants admit that KRS 402.045(1) provides that "a

marriage between members of the same sex which occurs in another jurisdiction shall be void

in Kentucky." The Defendants deny that KRS 402.045(1) provides that "a legal status

identical or substantially similar to that of marriage for unmarried individuals shall not be

valid or recognized." The Defendants admit that KRS 402.045(2) provides that "any rights

granted by virtue of the marriage, or its termination, shall be unenforceable in Kentucky

courts."

109.     Paragraph 109.          The paragraph contains a legal conclusion which does not require a

response.

110.     Paragraph 110.          The paragraph contains a legal conclusion which does not require a

response.

111.     Paragraph 111.          The paragraph contains a legal conclusion which does not require a

response.

112.     Paragraph 112.          The allegations in this paragraph state legal conclusions and do not

require an answer; however, to the extent an answer may be deemed to be required, the

Defendants deny same.

---

[5] Plaintiffs cite to "Kentucky Amendment 223A." The quotation is from KY. CONST. § 233A, and the Defendants presume that Plaintiffs intended to refer to that section.

113.    Paragraph 113.        The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

114.    Paragraph 114.        The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer may be deemed to be required, the Defendants deny same.

Plaintiffs' prayer for relief does not require a response, but to the extent an answer may be deemed necessary, the Defendants DENY that Plaintiffs are entitled to the requested relief or to any other relief whatsoever.

Any allegation of the Complaint not expressly admitted above is denied.

<u>FIRST DEFENSE</u>

Plaintiffs' claims are barred in whole or in part by res judicata and collateral estoppel.

<u>SECOND DEFENSE</u>

Plaintiffs' Complaint fails to establish subject matter jurisdiction in this Court because Plaintiffs lack standing, as they have not alleged an injury in fact, Plaintiffs' claims are not ripe, and do not amount to an Article III "Case or Controversy."

<u>THIRD DEFENSE</u>

Plaintiffs' Complaint fails to state a claim under 42 U.S.C. § 1983 and U.S. CONST. amend. XIV.

<u>FOURTH DEFENSE</u>

Plaintiffs' claims are barred by the *Rooker-Feldmann* or *Younger* doctrine.

## FIFTH DEFENSE

Plaintiffs' claims are barred by U.S. Const. amends. X and XI and Ky. Const. §§ 230 and 231.

## SIXTH DEFENSE

Plaintiffs' claims to attorney fees are barred because their underlying federal claims are barred as stated herein.

## SEVENTH DEFENSE

Plaintiffs fail to state a claim under Fed. R. Civ. P. 12(b)(6).


Respectfully submitted,

JACK CONWAY
ATTORNEY GENERAL

/s/  Clay Barkley
Clay Barkley
Brian Judy
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
700 Capital Avenue, Suite 118
Frankfort, KY 40601
clay.barkley@ag.ky.gov
(502) 696-5300