IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| GREGORY BOURKE and MICHAEL DELEON; I.D. and I.D., minor children, by and through their parents and next friends, GREGORY BOURKE and MICHAEL DELEON | )<br>)<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| JIMMY LEE MEADE and LUTHER BARLOWE; RANDELL JOHNSON and PAUL CAMPION; T. J.-C., T. J.-C, D.J.-C. and M.J.-C., minor children, by and through their parents and next friends, RANDELL JOHNSON and PAUL CAMPION; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| KIMBERLY FRANKLIN and TAMERA BOYD | )<br>)<br>) |
| PLAINTIFFS | ) |
| v. | )<br>)<br>) |
| STEVE BESHEAR, in his official capacity as Governor of Kentucky; | )<br>)<br>)<br>) |
| and | )<br>) |
| JACK CONWAY, in his official capacity as Attorney General of Kentucky | )<br>)<br>)<br>) |
| DEFENDANTS | ) |

CIVIL ACTION NO.

313-cv-750

## SECOND AMENDED COMPLAINT FOR
## DECLARATORY AND INJUNCTIVE RELIEF

\* \* \* \* \* \* \* \* \* \* \*

### INTRODUCTION

Plaintiffs bring this action to challenge the constitutionality of Kentucky's laws voiding or otherwise refusing to recognize the marriages of same-sex couples entered in other states or countries. In *United States v. Windsor*, 133 S. Ct. 2675 (2013), the United States Supreme Court held that withholding federal recognition and benefits from legally married same-sex couples, as required by Section 3 of the Defense of Marriage Act (DOMA), violates the federal constitutional guarantees of equal protection and due process. Plaintiffs seek to apply this holding, and/or the reasoning underlying it, to invalidate and enjoin the enforcement of Kentucky's state constitutional provision prohibiting recognition of legally married same-sex couples, as well as Kentucky statutes, Section 2 of DOMA, and any other relevant provision which would allow Kentucky's continued refusal to respect their legal marriages.

### THE PARTIES

1. Plaintiffs Gregory Bourke and Michael Deleon, Jimmy Meade and Luther Barlowe, Kim Franklin and Tamera Boyd, and Randell Johnson and Paul Campion are married couples, having lawfully wed outside of the Commonwealth of Kentucky.

2. Plaintiffs I.D. and I.D. are minor children of the Plaintiffs, Gregory Bourke and Michael Deleon who also reside in the Commonwealth of Kentucky.

3. Plaintiffs T.J.-C., T.J.-C, D.J.-C. and M.J.-C are minor children of Plaintiffs Randell Johnson and Paul Campion who also reside in the Commonwealth of Kentucky.

4. Like other couples who have made a lifetime commitment to each other, the

Plaintiff couples are spouses in every sense, except that their marriages are currently not recognized by the Commonwealth of Kentucky.

5. The situations faced by these couples and their children are similar to those faced by many other legally married same-sex couples and their children in Kentucky who are denied the rights, privileges, and obligations of marriage.

6. Plaintiffs Gregory Bourke ("Greg") and Michael DeLeon ("Michael") are two men who were lawfully married in Ontario, Canada on March 29, 2004. Greg and Michael reside together as spouses in Louisville, Kentucky. Greg and Michael have two children: Plaintiff I.D. who is a 14-year-old girl; and Plaintiff I.D., who is a 15-year-old boy.

7. Gregory Bourke ("Greg") and Michel DeLeon ("Michael") are two men who were lawfully married in Ontario, Canada on March 29, 2004.Greg and Michael reside together as spouses in Louisville, Kentucky. Greg and Michael have two children: Plaintiff I.D., who is a 14-year-old girl; and Plaintiff I.D., who is a 15-year-old boy.

8. Plaintiffs Jimmy Meade ("Jim") and Luther Barlowe ("Luke") are two men who were lawfully married on July 30, 2009, in Davenport Iowa.

9. Jim and Luke reside together as spouses in Bardstown, Kentucky. Plaintiffs Randell Johnson ("Randy") and Paul Campion ("Paul") are two men who were lawfully married in Riverside, California on July 3, 2008.

10. Randy and Paul live together as spouses in Louisville, Kentucky. Randy and Paul have four children; Plaintiffs T.J.-C. and T.J.-C are twin 18-year-old boys, Plaintiff D.J.-C. is a 14-year-old boy and Plaintiff M.J.-C. is a 10-year-old girl.

11. Plaintiffs Kimberly Franklin ("Kim") and Tamera Boyd ("Tammy") are two women who were lawfully married in Connecticut on July 15, 2010.

12. Kim and Tammy live together as spouses in Cropper, Shelby County, Kentucky.

13. All Plaintiffs seek to have their legal marriages recognized in the Commonwealth of Kentucky in order to have the same legal protections afforded to legally married opposite-sex couples, including those who married in other jurisdictions.

## DEFENDANTS

14. Defendant STEVE BESHEAR is the Governor of the Commonwealth of Kentucky. In his official capacity, Mr. Beshear is the chief executive officer of the Commonwealth and is responsible for the faithful execution of the laws of the Commonwealth of Kentucky, including the laws that exclude same-sex couples from marrying or having their out-of-state marriages recognized.

15. Defendant JACK CONWAY is the Attorney General of the Commonwealth of Kentucky. In his official capacity, Mr. Conway is the chief legal officer of the Commonwealth, and is charged with advising state and local officials on questions of Kentucky and federal law.

16. Defendants are, and at all relevant times have been, acting under color of state law, and are sued in their official capacities.

17. By implementing and enforcing the statutes and Kentucky constitutional amendment discussed below, Defendants have deprived, and continue to deprive, Plaintiffs of rights guaranteed by the United States Constitution.

## JURISDICTION AND VENUE

18. Plaintiffs bring this action under 42 U.S.C. §§1983 and 1988 to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

19. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

20. This Court has the authority to enter a declaratory judgment and to provide preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 2201 and 2202.

21. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the Defendants have offices within the district, because Plaintiffs reside in this district, and because the events giving rise to Plaintiffs' claims occurred, continue to occur, and will occur, in this district.

## CONSTITUTIONAL AND STATUTORY PROVISIONS CHALLENGED

22. Kentucky Constitution, Section 233A, ratified November 2, 2004, provides: "Only a marriage between one man and one woman shall be valid or recognized as a marriage in Kentucky. A legal status identical or substantially similar to that of marriage for unmarried individuals shall not be valid or recognized."

23. Sen. Vernie McGaha declared on the Senate floor that he was sponsoring the bill that led to the above amendment because "marriage is a divine institution" and that heterosexual marriage "joins together a man and a woman for the stability of society and for the greater glory of God." This belief, he told the Senate, is based upon a story in the Old Testament Book of Genesis which led him to believe that the first marriage was between Adam and Eve, a heterosexual couple. The amendment was proposed, according to Sen. McGaha "to protect our communities from the desecration of these traditional values. . . . we must protect our neighbors and our families and our children."

24. Sen. Gary Tapp declared on the Senate floor that he was sponsoring the bill that led to the above amendment so that no one "will be able to question [the citizens of Kentucky's] beliefs in the traditions of stable marriages and strong families."

25. Sen. Ed Worley argued that the bill was not discriminatory against homosexuals. He said the purpose was to "Reaffirm [the citizens of Kentucky's] belief, their very basic and core belief, that the definition of marriage is between a man and a woman." Sen. Worley argued that the amendment was necessary because "liberal judges" have prevented his children from saying the Lord's Prayer in school, he will soon be prohibited from saying "the Pledge to the Legiance [*sic*] in public places because it has the words 'in God we trust.'"

26. Ky. Rev. Stat. (KRS) 402.040(1) provides that if a resident of this state marries in another state, the marriage will be valid in Kentucky if it was valid in the state where solemnized.

27. However, KRS 402.040(2) provides: "A marriage between members of the same sex is against Kentucky public policy and shall be subject to the prohibitions established in KRS 402.045."

28. KRS 402.045(1) provides in part that, "A marriage between members of the same sex which occurs in another jurisdiction shall be void in Kentucky."

29. KRS 402.045(2) provides that "Any rights granted by virtue of the [same sex] marriage, or its termination, shall be unenforceable in Kentucky courts."

30. The above-described provisions of Kentucky law are in violation of the United States Constitution, insofar as they deny same-sex couples the rights, privileges, responsibilities and immunities extended to similarly situated opposite-sex couples.

31. To the extent that the Defense of Marriage Act (DOMA), 28 U.S.C. 1738C § 2 (2000) purports to authorize discriminatory treatment of legally married same-sex couples, it is unconstitutional.

32. Section 2 of DOMA provides: "No State, territory, or possession of the United States, or Indian tribe, shall be required to give effect to any public act, record, or judicial proceeding of any other State, territory, possession, or tribe respecting a relationship between persons of the same sex that is treated as a marriage under the laws of such other State, territory, possession, or tribe, or a right or claim arising from such relationship."

33. Legally married same-sex couples such as the Plaintiff couples are similarly situated to legally married opposite-sex couples in all of the characteristics relevant to recognition of their legal marriages.

34. Kentucky has no legitimate state interest in treating legally married same-sex couples any differently from legally married opposite-sex couples.

35. Kentucky has no legitimate state interest in enforcing the statutes or Kentucky constitutional amendment challenged by Plaintiffs in this case.

36. Any identifiable state interest is not served in an adequately tailored manner by Ky. Const 233A or the statutes challenged in this litigation.

37. The purposes underlying KRS 405.040(2), KRS 405.045 and Ky. Const 233A are specifically forbidden by the U.S. Supreme Court in that they are designed specifically to carry out a desire to harm a politically unpopular group.

## CLAIMS FOR RELIEF
## DEPRIVATION OF DUE PROCESS

38. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

39. The right to marry is a fundamental right under the U.S. Constitution, and is protected by the Due Process Clause.

40. Same-sex spouses who have entered into legal marriages have a protected liberty interest in their marital status, and the government's refusal to recognize their marital status impermissibly deprives legally married same-sex spouses of that protected liberty interest.

41. Same-sex spouses who have entered into legal marriages in other jurisdictions have a reasonable expectation that they will continue to be protected by the rights and protections conferred by marriage when they relocate to another state.

42. Same-sex spouses have a protected property interest in their marital status and in the comprehensive network of legal protections that marriage provides, including the accrual of certain marital benefits over time.

43. The Due Process Clause also protects choices central to personal dignity and autonomy, including each individual's rights to family integrity and association.

44. Kentucky Constitution § 233A, KRS § 402.040(2), KRS 402.045 and DOMA § 2 violate the due process guarantees of the Fifth and Fourteenth Amendments facially and/or as applied to Plaintiffs by infringing upon their right to marry and to have their marriages recognized in the Commonwealth of Kentucky.

45. In addition, Section 233A conflicts with other portions of the Kentucky Constitution, thereby depriving same-sex couples of rights otherwise granted to all Kentucky citizens and thus depriving them of Due Process rights under both the state and federal constitutions.

46. Specifically, Sections 1, 2, 59 and 60 of the Kentucky Constitution guarantee the right to equal protection regardless of sex or sexual orientation, he right to be free of arbitrary governmental action, and the right to enjoy life, all of which are infringed upon by Section 233A.

## EQUAL PROTECTION

47. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

48. The Commonwealth of Kentucky has no legitimate interest in discriminating against citizens on the basis of sexual orientation.

49. The Commonwealth of Kentucky has no legitimate interest in discriminating against citizens on the basis of sex.

50. There is no rational basis for the Commonwealth of Kentucky to treat same-sex couples differently from opposite-sex couples.

51. There is no rational basis for the Commonwealth of Kentucky to treat Kentucky citizens differently based solely on their sexual orientation.

52. Sexual orientation bears no relation to a person's ability to perform in or contribute to society.

53. By restricting the definition of marriage to "one man and one woman," the Commonwealth of Kentucky engages in sex-based discrimination without rational basis or a legitimate interest in doing so.

54. Gay and lesbian people have experienced a history of discrimination in the United States and in the Commonwealth of Kentucky.

55. Sexual orientation, including homosexuality, is an immutable trait.

56. Gay and lesbian people represent a small minority of the population, and thus lack the political power to assert their rights to equal treatment under the law.

57. The purpose of Kentucky Constitution § 233A, KRS § 402.040(2), KRS 402.045 and DOMA § 2 is to impose restrictions and disabilities on same-sex couples.

58. Kentucky Constitution § 233A, KRS § 402.040(2), KRS 402.045 and/or DOMA § 2 are motivated by a desire to harm a politically unpopular group.

59. Ky. Const. § 233A and the statutory provisions challenged in this lawsuit also serve the impermissible purpose of enforcing and perpetuating sex stereotypes by excluding Plaintiffs from being recognized as validly married because Plaintiffs have failed to conform to sex-based stereotypes that men should marry women, and women should marry men.

60. Kentucky Constitution § 233A, KRS § 402.040(2), KRS 402.045 and DOMA § 2 violate the equal protection guarantees of the Fourteenth Amendment facially and/or as applied to Plaintiffs by infringing their right to have their legal marriages recognized in the Commonwealth of Kentucky.

**FREEDOM OF ASSOCIATION**

61. The First Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, ensures the right to freedom of association.

62. Kentucky Constitution § 233A, KRS § 402.040(2), KRS 402.045 and DOMA § 2 violate the freedom of association guarantees of the First Amendment facially and/or as applied to Plaintiffs by discriminating against them and penalizing them based solely upon the sex of the person they choose to marry, and/or their own sex and/or sexual orientation.

## FULL FAITH AND CREDIT

63. Article IV, Section 1, of the United States Constitution provides, in pertinent part: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."

64. Issuance of a marriage license involves creating a "record" under the Full Faith and Credit Clause.

65. The Commonwealth of Kentucky's (and Defendants') failure to recognize valid out-of-state marriages between same-sex couples violates the Full Faith and Credit Clause of the U.S. Constitution.

66. Should any of the Plaintiffs obtain a divorce or other judgment pertinent to their lawful out-of-state marriage, the Commonwealth of Kentucky would refuse to honor or otherwise recognize those judgments, also in violation of the Full Faith and Credit Clause.

## SUPREMACY CLAUSE

67. Article VI, Section II of the United States Constitution provides: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

68. By virtue of the Supremacy Clause, state statutes, constitutions and amendments thereto are subject to applicable prohibitions and limitations of the Federal Constitution.

69. Kentucky Constitution § 233A, KRS § 402.040(2) and KRS 402.045 violate the Supremacy Clause by contravening the United States Supreme Court's holding in *Windsor*.

## RIGHT TO TRAVEL

70. The Fourteenth Amendment protects the liberty of individuals to travel throughout the nation, uninhibited by statutes, rules, or regulations that unreasonably burden or restrict their movement.

71. The right to travel prohibits both laws that affirmatively interfere with or prevent a citizen's travel, and also laws that penalize those who choose to migrate to another state.

72. The right extends not only to temporary visits to other states, but also to becoming a permanent resident of another state.

73. Kentucky Constitution § 233A, KRS § 402.040(2), KRS 402.045 and DOMA § 2 violate the right to travel as guaranteed by the Fourteenth Amendment facially and/or as applied to Plaintiffs by imposing a penalty on Plaintiffs for choosing to move to and/or reside in the Commonwealth of Kentucky, in that their residence in Kentucky requires them to relinquish all rights, privileges, benefits and responsibilities of marriage.

## ESTABLISHMENT CLAUSE

74. The First Amendment to the United States Constitution states, "Congress shall make no law respecting an establishment of religion . . ."

75. This prohibition is extended to the states through the Fourteenth Amendment.

76. Kentucky Constitution § 233A, KRS § 402.040(2), KRS 402.045 and DOMA § 2 were enacted for the purpose of establishing a definition of marriage based upon religious beliefs of the majority, and not for a secular legislative purpose.

77. The primary effect of the above legislation is to advance the religious beliefs of the legislative majority.

78. The above statutes result in an excessive government entanglement with religion.

## HARM TO THE PLAINTIFFS AND NEED FOR INJUNCTIVE RELIEF

79. This case presents an actual controversy because Defendants' present and ongoing denial of equal treatment to Plaintiffs subjects them to serious and immediate harms, warranting the issuance of a declaratory judgment.

80. By refusing to recognize their legal marriages from other jurisdictions, the Commonwealth's law deprives Plaintiffs of numerous legal protections that are available to legally married opposite-sex couples who reside in Kentucky but were married in other jurisdictions.

81. The tangible and intangible harm to Plaintiffs created by Kentucky's failure to recognize their legal marriages affect virtually every aspect of Plaintiffs' lives, including but not limited to the following:

82. A married person is exempt from inheritance tax on property left to him by an opposite-sex spouse, including the spouse's share of the couple's home, and, thus, protected against economic distress or loss of a home because of an estate tax bill, but a same-sex surviving spouse or partner is denied this exemption and must pay a higher rate, which applies to non-family-members.

83. The Commonwealth requires opposite-sex spouses to support one another financially, but there is no similar support obligation for same-sex spouses.

84. Communications between opposite-sex spouses enjoy evidentiary privileges in both civil and criminal proceedings, and an opposite-sex spouse may not be compelled to testify against his or her spouse over that spouses' objection except in limited circumstances, but confidential communications between same-sex spouses are not afforded the same privilege or immunity.

85. Same-sex spouses and their children are excluded from the intestacy laws governing the disposition of estate assets upon death.

86. Same-sex spouses and their children are precluded from recovering loss of consortium damages in civil litigation following a wrongful death. Plaintiffs are prevented from receiving the same healthcare benefits, including insurance, afforded to opposite sex spouses.

87. Under Kentucky Workers Compensation Law, the opposite-sex spouse of someone who dies as a result of a work-related injury is entitled to damages and may bring suit to enforce such rights (KRS 342.750), but same-sex spouses or partners have no legal standing to sue as a result of their spouse's workplace injury.

88. Certain federal protections for married couples are available to couples only if their marriages are legally recognized in the state in which they live, which Plaintiffs cannot access as long as Kentucky refuses to recognize their existing marriage. *See, e.g.*, 42 U.S.C. § 416(h)(1)(A)(i) (marriage for eligibility for social security benefits based on law of state where couple resides at time of application); 29 C.F.R. § 825.122(b) (same for Family Medical Leave Act).

89. The exclusion from the esteemed institution of marriage humiliates children being raised by same-sex couples, making it more difficult for the children to understand the integrity and closeness of their own family and its concord with other families in their community and in their daily lives.

90. The fact that their parents' marriages are not recognized in Kentucky harms the minor children Plaintiffs materially by reducing family resources and by denying their families social and legal recognition and respect.

91. As the Plaintiff couples' marriages are not recognized by the state, those who adopted the minor Plaintiffs were only able to have one parent listed as the adoptive parent, and the other parent had to go to court to acquire guardianship papers for his own children so that he could be their legal guardian, but not their legal parent.

92. Because they are not afforded the same legal rights as similarly situated opposite-sex spouses, Plaintiffs with adopted children were forced to hire an attorney to draft legal documentation, such as power-of-attorney documents, in order to ensure that at least some of these rights could be preserved.

15

93. Upon the death any Plaintiff, their surviving spouse will have to pay an inheritance tax at a much higher rate than they would if their marriage were recognized by the Commonwealth.

94. Under the laws of the Commonwealth of Kentucky, Plaintiffs are treated differently from legally married opposite-sex couples solely because they are in same-sex relationships.

95. If Plaintiffs were legally married opposite-sex couples, they would not suffer any of the harms or potential harms enumerated above.

96. Defendants' deprivation of Plaintiffs' constitutional rights under color of state law violates 42 U.S.C. § 1983.

97. Plaintiffs have no adequate remedy at law to redress the wrongs alleged herein, which are of a continuing nature and will cause them irreparable harm.

98. The Commonwealth will incur little to no burden in allowing same-sex couples to marry and in recognizing the valid marriages of same-sex couples from other jurisdictions on the same terms as different-sex couples, whereas the hardship for Plaintiffs of being denied equal treatment is severe, subjecting them to an irreparable denial of their constitutional rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter a declaratory judgment that Section 233A of the Kentucky Constitution violates the Due Process, Equal Protection, Freedom of Association, Full Faith and Credit, Supremacy, and/or other clauses of the United States Constitution;

  B. Enter a declaratory judgment that KRS 402.045(2) and KRS 402.045 violate the Due Process, Equal Protection, Freedom of Association, Full Faith and Credit, Supremacy, and/or other clauses of the United States Constitution;

  C. Enter preliminary and permanent injunctions enjoining Defendants from denying the Plaintiff couples and all other same-sex couples the rights and benefits associated with lawful marriage;

  D. Enter an order directing Defendants to recognize marriages validly entered into by the Plaintiff couples and other same-sex couples outside of the Commonwealth of Kentucky;

  E. Enter a declaratory judgment that Section 2 of DOMA as applied to Plaintiffs and all other similarly situated same-sex couples violates the Due Process, Equal Protection, Freedom of Association, and/or Full Faith and Credit clauses of the United States Constitution;

  F. Award costs of suit, including reasonable attorneys' fees under 42 U.S.C. § 1988; and

  G. Enter all further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,


*/s/ Laura E. Landenwich*
Daniel J. Canon
Laura E. Landenwich
Louis P. Winner
L. Joe Dunman
CLAY DANIEL WALTON & ADAMS PLC
101 Meidinger Tower
462 South Fourth Street
Louisville, KY 40202
(502) 561-2005 – phone
(502) 415-7505 – fax
dan@justiceky.com
laura@justiceky.com
louis@justiceky.com
joe@justiceky.com
*Co-counsel for Plaintiffs*


*/s/ Shannon Fauver (w/persmission)*
Shannon Fauver
Dawn Elliott
FAUVER LAW OFFICE PLLC
1752 Frankfort Avenue
Louisville, KY 40206
(502) 569-7710
*Co-counsel for Plaintiffs*

18

**CERTIFICATE OF SERVICE**

   I hereby certify that on November 1, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

 Stephanie French
 Assistant Jefferson County Attorney
 Suite 900
 531 Court Place
 Louisville, KY  40202
 *Counsel for Defendant Bobbi Holsclaw*

 Licha H. Farah, Jr.
 WARD HOCKER & THORNTON PLLC
 Suite 1100
 333 W. Vine Street
 Lexington, KY  40507
 *Counsel for Defendant Elaine Filiatreau*

 Clay A. Barkley
 Brian Judy
 Assistant Attorney Generals
 Office of the Attorney General
 Suite 118
 700 Capital Avenue
 Frankfort, KY  40601
 *Counsel for Defendant Steve Beshear and*
 *Jack Conway*

              */s/ Laura E. Landenwich*