UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| GREGORY BOURKE, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Case No. 3:13-CV-750-JGH |
| ) | *Electronically filed* |
| STEVE BESHEAR, et al. ) | |
| ) | |
| Defendants. ) | |

### UNITED STATES' ACKNOWLEDGEMENT
### OF CONSTITUTIONAL CHALLENGE

The United States hereby acknowledges receipt of Plaintiffs' Notice of Constitutional Challenge, dated November 19, 2013, in which Plaintiffs informed the Attorney General of the United States that the Second Amended Complaint "call[s] into question" the constitutionality of Section 2 of the Defense of Marriage Act ("DOMA" or "Section 2"), 28 U.S.C. § 1738C.  Notice [Dkt. 33] at 1.  Pursuant to Federal Rule of Civil Procedure 5.1(c), the United States may intervene within sixty days after a Notice of Constitutional Challenge has been filed, "[u]nless the court sets a later time."  Fed. R. Civ. P. 5.1(c).  "Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional."  *Id.*

The Solicitor General of the United States decides whether the United States should intervene to defend the constitutionality of an Act of Congress.  *See* 28 C.F.R. § 0.21 ("The Solicitor General may in consultation with each agency or official concerned, authorize

intervention by the Government in cases involving the constitutionality of acts of Congress."). Obtaining the Solicitor General's determination will require time for thorough consideration.

At this juncture, it is far from clear that resolution of this case will require the Court to address the constitutionality of Section 2 of DOMA. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981) ("[P]rior to reaching any constitutional question, federal courts must consider nonconstitutional grounds for decision."); *Ashwander v. Tenn. Valley Authority*, 297 U.S. 288, 345–48 (1936) (Brandeis, J., concurring) ("The Court will not 'anticipate a question of constitutional law in advance of the necessity of deciding it.'") (quoting *Liverpool, N.Y. & P.S.S. Co. v. Emigration Comm'rs*, 113 U.S. 33, 39 (1885)). Plaintiffs bring this action to challenge the provisions of Kentucky law that prohibit the recognition of same-sex marriages licensed in other jurisdictions. While the Second Amended Complaint challenges Section 2 on various grounds, *see* [dkt. 31] Prayer for Relief ¶ E, Plaintiffs' Memorandum in Support of their Motion for Summary Judgment argues only that Section 2 violates the Full Faith and Credit Clause of the Constitution. *See* [dkt. 38-1] at 23-27. Defendants do not appear to rely on Section 2 as a defense to this argument; rather, Defendants argue that "DOMA § 2 just makes express what is already implied, that the Full Faith and Credit Clause does not require states that do not recognize same-sex marriage to recognize same-sex marriages in other states." Defendants' Response to Plaintiffs' Motion for Summary Judgment [dkt. 39] at 8. Therefore, this Court may not need to address the constitutionality of Section 2 in order to resolve this case.

Indeed, in denying the parties' request for an amended scheduling order, this Court observed that "at first glance, the question of whether Plaintiffs are entitled to relief appears not to require determining the constitutionality of Section 2. . . . After briefing is completed, should

subsequent circumstances reveal the constitutionality of Section 2 to be more consequential to the potential relief than anticipated or participation of the United States to be more essential, the Court can certainly reconsider the schedule." Memorandum and Order [dkt. no. 35] at 1. Therefore, the Court already has indicated that determining the constitutionality of Section 2 may not be necessary in this litigation.

Accordingly, the United States will continue to monitor the docket for this case to determine whether the constitutionality of Section 2 will be consequential to this Court's resolution of Plaintiffs' claims. Should this Court decide to certify the challenge to Section 2's constitutionality under 28 U.S.C. § 2403, then the United States respectfully requests that the Court permit the United States to seek to intervene within thirty (30) days after such certification or by March 14, 2013, whichever is later.

Dated: January 21, 2014     Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ROBERT PITMAN
United States Attorney

ARTHUR R. GOLDBERG
Assistant Branch Director

*/s/ Jennie L. Kneedler*
Jean Lin (NY Bar # 4074530)
Jennie L. Kneedler (D.C. Bar # 500261)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:     (202) 514-3716/(202) 305-8662
Fax:    (202) 616-8470
jean.lin@usdoj.gov
Jennie.L.Kneedler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2014 I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following: all counsel of record.

/s/ Jennie L. Kneedler