UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-750-H

GREGORY BOURKE, et al.   PLAINTIFFS

V.

STEVE BESHEAR, et al.   DEFENDANTS

**MEMORANDUM AND ORDER**

Defendant, the Governor of Kentucky, has moved for a ninety (90) day stay of this Court's final order (the "Order"). The effect of the Order would be that legally married same-sex couples could demand and receive certain public benefits already available to legally married opposite-sex couples. Defendant makes only one argument: that the stay is necessary to allow Defendant to provide appropriate advice to state and local officials for implementation of the Order. Defendant was not specific why ninety days was necessary.

I.

Federal Rule of Civil Procedure 62 empowers this Court to stay enforcement of its own orders and judgments. Particularly in civil matters, there are no rigid rules that govern such a stay and courts have a fair amount of discretion. However, a court should at least consider the following factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure other parties interested in the proceedings; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002).

Here, the applicant has not argued that it will appeal or that it is likely to succeed on any

such appeal. The applicant has not made a strong argument that it will be harmed, absent a stay. The applicant does argue that some time is necessary to implement the Order and, absent planning, considerable confusion could result. The issuance of the stay will maintain the status quo and prevent some confusion, but at the cost of extending an unconstitutional policy.

The public interest is twofold: that the Constitution be upheld; and that changes in the law be implemented consistently and without undue confusion. Confusion could result from state or local officials being unaware of their precise responsibilities. However, the implementation of the Order without confusion is possible with reasonable effort.

Thus, the application of the factors favors denial of an extended stay.

II.

Other courts could venture opinions on the request for stay, either the Sixth Circuit (in the event of an appeal) or even the United States Supreme Court could enter a stay. This is not an altogether idle thought.

The Court takes notice of the recent sequence of events following a Utah federal district court's entry of an order declaring that state's same-sex marriage ban unconstitutional. There, the district court denied a motion to stay the order; the Tenth Circuit Court of Appeals also denied such a request; and then, within a few days, the Supreme Court, in an unusual move, issued its own stay of the district court's order.[1]

The Supreme Court's action is a powerful message, perhaps intended for reading

---

[1] The State of Utah submitted its request to Justice Sotomayor, the supervising Justice for the Tenth Circuit Court of Appeals. The Justice apparently brought the matter before the entire Court, which then issued the stay. *Herbert v. Kitchen*, 2014 WL 30367, 134 S.Ct. 893 (Jan. 6, 2014).

beyond Utah.[2] However, our circumstances are different. Our case does not involve the issuance of marriage licenses, though some of the same concerns exist. Also, in Utah, the state asserted its intent to appeal from the outset. Here, the state merely asks for reasonable time to implement the Order. The Court concludes that a limited stay allows the state proper time to administratively prepare for compliance with the Order.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that enforcement of the Court's final order entered February 27, 2014, is STAYED until March 20, 2014.

cc: Counsel of Record

---

[2] It would be wrong to interpret the "message" as indicating the Supreme Court's view of the substantive issues in that case.