IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*ELECTRONICALLY FILED*

| | |
|---|---|
| GREGORY BOURKE, ET AL. )<br>)<br>    PLAINTIFFS )<br>)<br>and )<br>)<br>TIMOTHY LOVE, ET AL. )<br>)<br>    INTERVENING PLAINTIFFS )<br>)<br>v. )<br>)<br>STEVE BESHEAR, ET AL. )<br>)<br>    DEFENDANTS )<br>) | CIVIL ACTION NO.<br><br>3:13-CV-750-JGH |

\* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

### I. RELIEF REQUESTED

Plaintiffs seek an award of attorneys' fees in the amount of $66,235.00, which encompasses a total of $30,635.00 for the Fauver law office, and $35,600.00 for Clay Daniel Walton Adams, PLC, and $453.00 in costs.

### II. FACTS

Shortly after the Supreme Court's opinion in *Windsor*, Plaintiffs filed this action under 42 U.S.C. 1983 to enforce their federal constitutional right to have their valid marriages recognized by the Commonwealth of Kentucky. After filing briefs and the supporting testimony, this Court unequivocally held that the challenged statutes were in violation of the U.S. Constitution. Plaintiffs have thus far won a complete victory, and received precisely the relief they requested. Since this Court's Memorandum Opinion and Order, the Defendant Attorney General has publicly admitted that the laws challenged in

this case are discriminatory and unconstitutional, and that this Court "got it right."

## III. AUTHORITY

### A. Plaintiffs are the "Prevailing Party" for the Purposes of Determining Attorneys' Fees

This case was brought pursuant to 42 U.S.C. § 1983. Prevailing parties under Section 1983 are entitled to an award of reasonable attorneys' fees. 42 U.S.C. § 1988. "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983).

Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. *Id.* at 435. Whether or not Plaintiffs succeeded on every claim or every motion is unimportant—"[t]he result is what matters." *Id.* This fee should not be reduced "simply because the plaintiff failed to prevail on every contention raised in the lawsuit." But if the plaintiff achieved only limited success, the court should reduce the award accordingly. *Harper v. BP Exploration & Oil, Inc.,* 3 Fed. Appx. 204, 207 (6th Cir. 2001) (quoting *Hensley*). It is hard to imagine a more favorable result for the Plaintiffs in this case. Although counsel is not requesting enhanced fees, this case should be considered an exceptional success.

### B. The Appropriate Method for Determining Reasonable Attorneys' Fees is the Lodestar Approach

The lodestar approach is used to determine reasonable attorneys' fees. *See Hensley v. Eckerhart,* 461 U.S. 424, 433-37 (1983). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Morales v. City of*

*San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996). Courts consider the following factors: the novelty and complexity of the issues; the special skill and experience of counsel; the quality of representation; the results obtained; and the contingent nature of the fee agreement. *Id.* at 364.

All of the lodestar facts support awarding Plaintiffs their full attorneys' fees. Plaintiffs' counsel litigated a novel issue of law that required specialized skill and experience in several areas of law, including family law and constitutional law. Plaintiffs' counsel provided high-quality representation, achieving a complete victory within a year of filing.

### C. The Hours and Rates Requested by Plaintiffs are Reasonable

Counsel requests compensation for 275.54 hours spent litigating this case. The rates and hours expended by counsel are reasonable.

#### 1. Counsel's hourly rates are reasonable

Given counsels' extensive expertise in civil rights, constitutional rights, and other civil litigation, these rates are commensurate or below what is charged by attorneys of like experience in the Louisville legal community. See Affidavits of Paul Hershberg and Gregory Belzley, attached hereto. Compared to other federal litigation involving constitutional claims, these hourly rates are reasonable. For example, in *Maxwell's Pic-Pac, Inc. v. Dehner*, 2013 U.S. Dist. LEXIS 34596, 11 (W.D. Ky. Mar. 12, 2013) this Court awarded attorneys hourly rates ranging from "$475 - $180 for attorneys and $200 to $150 for paralegals." In that case, the Court said:

> Plaintiffs claim that their success in this case, the difficulty of the issues involved including a rigorous Equal Protection Clause standard to surmount, and the level of legal skill and experience Plaintiffs' attorneys, paralegals, and librarian brought to this case, cumulatively justify this award. In support of their rates, Plaintiffs further argue that these that they have charged their client for their services. Plaintiffs support their rates with affidavits from two of the most prominent attorneys in this area, both of whom claim that Plaintiffs' rates are reasonable.

*Id.*, pp.11-13. Thus, the *Dehner* case is readily comparable to the instant case. This Court went on to state:

> As shown above, this Court has previously awarded rates between $200 and $305 for attorney's fees under § 1988. For attorneys with a higher level of skill and experience, the rate was at the higher end of this range. There is no evidence that these attorneys forewent other opportunities to handle this dispute. Nevertheless, the time spent and the results obtained are significant enough to justify an extension beyond the higher end of that range.
>
> Accordingly, the Court will reduce each attorney's rate by 25%, using the attorney's 2011 rate as the basis for the reduction and rounding up to the nearest dollar figure. Thus making the highest rate $342 per hour. The Court finds these rates aligned with the value of the quality of work and the complexity of the case, and are therefore reasonable.

*Id.*, at 15. The Court's comprehensive analysis throughout *Dehner* is helpful to the resolution of this issue.

**2. The hours expended by Plaintiffs' counsel are reasonable**

Not only are the rates reasonable, but the time expended to achieve the results in this case was moderate. Conferences and other consultations were kept to a minimum. Work was clearly divided between the attorneys, each taking specific responsibilities for the tasks at hand. The attorneys carefully edited all briefs, resulting in high-quality legal memoranda that clearly and succinctly identified the novel issues to be decided by the Court, and managed a group of eight clients who were originally split into two different cases. Additionally, there was extensive media contact in this case, which necessitated the time and attention of counsel as well. Counsel has not billed for the entirety of this contact (which would be nearly possible to catalogue).

The time spent on the case is broken down in the time records attached to this Motion (i.e., an invoice for attorneys Landenwich, Canon, and Dunman, a spreadsheet for the Fauver Law Office, and the affidavit of Mr. Winner). The time reflects the significant effort spent briefing the pleadings and memoranda in this case as well as preparing for hearings and managing client contact. To take timely action, counsel had to place other work aside to quickly prepare this case. The legal issues were unique and significant. Research and briefing was required on a variety of novel legal issues, including, among others: the application of the federal right to travel; the interplay between sexual orientation discrimination, sex discrimination, and the federal Constitution; the operation of the Kentucky state

constitution; the Supremacy Clause; the role of the Establishment Clause, etc.

Significant briefing occurred on two separate occasions. *See* Dkt. Nos. 38, 40, 46. It should be noted that the law regarding the claims brought by Plaintiffs involved not only a great deal of historical and legislative research, but also required counsel to stay abreast of a rapidly changing legal landscape. As this Court is well aware, since the *Windsor* opinion, there have been several opinions issued by district courts, all reaching slightly different conclusions, and all briefed under (sometimes substantially) different legal theories using different approaches. These nuances have left counsel on *terra incognito,* and have required perhaps more research than the average 1983 case. In addition, the intervention of the Family Foundation as amicus, and their brief, required counsel to research social, cultural, and psychological issues (i.e., to engage in "Brandeis briefing") which would normally not be required in federal litigation.

Thus, the hours spent on the case are reasonable given the novelty and complexity of legal issues involved, the compressed schedule and the complete victory obtained for the Plaintiffs.

### IV. ATTORNEYS' OUT-OF-POCKET EXPENSES

All litigation expenses in civil rights cases, including out-of-pocket expenses, are recoverable under 42 U.S.C. § 1988, as long as the expenses were reasonable and necessary to the litigation of plaintiff's claims and are not normally billed to the lawyer's paying clients as overhead. *Ramos v. Lamm,* 713 F.2d at 559-60 (photocopying, postage, telephone, etc.). "The Act [42 U.S.C. § 1988] essentially shifts the costs of litigation from the victim to the violator." *Spell v. McDaniel*, 616 F. Supp. 1069, 1113 (E.D.N.C. 1985), aff'd in part, vacated in part on other grounds, 824 F.2d 1380, (4th Cir. 1987), *cert. den. sub nom. City of Fayetteville v. Spell*, 484 U.S. 1027 (1988).

In this case, counsel does not seek travel expenses, meals, copies, phone charges, paralegal time, or anything of the sort. Plaintiffs simply seek to recoup their original filing fee and the expense of ordering videos from the Legislative Research Commission regarding the legislative history of the

discriminatory constitutional amendment at issue in this case. These are quite modest expenses.

## V. CONCLUSION

Plaintiffs should be awarded attorneys' fees in the amount of $66,235.00 and $453.00 in costs, totaling $66,688.00.

Respectfully submitted,

s/*Daniel J. Canon*

| | |
|---|---|
| Shannon Fauver | Daniel J. Canon |
| Dawn Elliott | Laura E. Landenwich |
| FAUVER LAW OFFICE, PLLC | L. Joe Dunman |
| 1752 Frankfort Ave. | Louis P. Winner |
| Louisville , KY 40206 | CLAY DANIEL WALTON ADAMS, PLC |
| (502) 569-7710 | Meidinger Tower, Suite 101 |
| www. fauverlaw.com | 462 S. Fourth Street |
| Counsel for all Plaintiffs | Louisville, KY 40202 |
| | (502) 561-2005 |
| | www.justiceky.com |
| | *Counsel for all Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Clay A. Barkley
Brian Judy
Assistant Attorney Generals
Office of the Attorney General
Suite 118
700 Capital Avenue
Frankfort, KY 40601
*Counsel for Defendants Steve Beshear and Jack Conway*

/s/ *Daniel J. Canon*