UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-750-H

TIMOTHY LOVE, *et al.*                                                            PLAINTIFFS

V.

STEVE BESHEAR, *et al.*                                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant, the Governor of Kentucky, has moved for a stay of enforcement of this Court's February 27, 2014 final order, pending its appeal to the United States Court of Appeals for the Sixth Circuit. On February 28, the Court granted a stay up to and including March 20, 2014, in order to allow the state a reasonable time to implement the order. Defendant moved the Court for an extension of the stay on March 14, and the parties appeared before the Court for a telephonic hearing on the matter on March 17. Defendant filed a notice of appeal on March 18.

I.

Federal Rule of Civil Procedure 62 empowers this Court to stay enforcement of its own orders and judgments. Particularly in civil matters, there are no rigid rules that govern such a stay, and courts have a fair amount of discretion. The Court will consider the following factors: (1) whether the stay applicant has made a strong showing of likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure other parties interested in the proceedings; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002).

Here, the applicant has not made a strong showing of a likelihood of success on the merits. The district courts are so far unanimous, but no court of appeals has issued an opinion. So, one must admit that ultimate resolution of these issues is unknown.[1]

The applicant contends that the state will suffer irreparable harm—"chaos"—if the stay is not extended. It must demonstrate "irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Family Trust Found. of Ky., Inc. v. Ky. Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004) (quoting *Baker*, 310 F.3d at 928) (internal quotation marks omitted). To illustrate the irreparable harm, the applicant cites the potential granting and then taking away of same-sex marriage recognition to couples. It also cites the potential impacts on "businesses and services where marital status is relevant, including health insurance companies, creditors, [and] estate planners. . . ." This is a legitimate concern.

On the other hand, Plaintiff same-sex couples argue that they would rather have their marriages recognized for a short amount of time than never at all. Plaintiffs contend that the irreparable harms cited by Defendant are actually minor bureaucratic inconveniences which cannot overcome their constitutional rights. The Court agrees that further delay would be a delay in vindicating Plaintiffs' constitutional rights and obtaining access to important government benefits. The loss of a constitutional right for even minimal periods of time constitutes irreparable harm. *See Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

Finally, the applicant argues that avoiding chaos and uncertainty is in the public's best interest. However, as the Court previously noted, the public interest is twofold: that the Constitution be upheld, and that changes in the law be implemented consistently and without

---

[1] The applicant cites a potential issue of the applicability of *Baker v. Nelson*, 409 U.S. 810 (1972). However, *Baker* dismissed for want of a substantial federal question an action requesting the issuance of a same-sex marriage license, an issue that was not before the Court in our underlying case.

undue confusion. The Court has concerns about implementing an order which has dramatic effects, and then having that order reversed, which is one possibility. Under such circumstances, rights once granted could be cast in doubt.

In this Court's view, the application of these four factors is mixed.

## II.

Another issue of great concern is the significance of the Supreme Court's stay of the district court's injunction in *Herbert v. Kitchen*, 134 S.Ct. 893 (Jan. 6, 2014). Since then, three additional cases in which Plaintiffs sought the issuance of marriage licenses have entered stays on their rulings pending appeal. *See Bishop v. United States ex rel. Holder*, 04-CV-848-TCK-TLW, 2014 WL 116013, at *33 (N.D. Okla. Jan. 14, 2014); *Bostic v. Rainey*, 2:13CV395, 2014 WL 561978, at *23 (E.D. Va. Feb. 13, 2014); *Deleon v. Perry*, SA-13-CA-00982-OLG, 2014 WL 715741, at *28 (W.D. Tex. Feb. 26, 2014). The applicant says that it is precedential here.

Plaintiffs make a compelling argument that, at the time of the Supreme Court's guidance in *Kitchen*, the Tenth Circuit had already directed expedited briefing and argument. Here, there is no such guarantee of expedited briefing before the Sixth Circuit. It may be years before the appeals process is completed. Also, our case is different than *Kitchen*. Nevertheless, the Supreme Court has sent a strong message by its unusual intervention and order in that case. It cannot be easily ignored.

Perhaps it is difficult for Plaintiffs to understand how rights won can be delayed. It is a truth that our judicial system can act with stunning quickness, as this Court has; and then with sometimes maddening slowness. One judge may decide a case, but ultimately others have a final say. It is the entire process, however, which gives our judicial system and our judges such high credibility and acceptance. This is the way of our Constitution. It is that belief which ultimately

3

informs the Court's decision to grant a stay. It is best that these momentous changes occur upon full review, rather than risk premature implementation or confusing changes. That does not serve anyone well.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the stay of this Court's February 27, 2014 final order is extended until further order of the Sixth Circuit.

cc: Counsel of Record