UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| GREGORY BOURKE, et al. ) | |
|     Plaintiffs ) | |
| and ) | |
| ) | |
| TIMOTHY LOVE, et al. ) | CASE No. 3:13-CV-750 (JGH) |
|     Intervening Plaintiffs ) | |
| v. ) | |
| ) | *Electronically filed* |
| STEVE BESHEAR, et al. ) | |
|     Defendants ) | |

**OBJECTION AND MOTION TO DENY WITHOUT PREJUDICE OR
HOLD IN ABEYANCE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND
COSTS ON BEHALF OF DEFENDANT STEVEN L. BESHEAR,
IN HIS OFFICIAL CAPACITY AS GOVERNOR OF KENTUCKY**

**INTRODUCTION**

Plaintiffs have moved for recovery of their attorneys' fees [Doc. No. 60] with regard to their prosecution of claims related to this Court's Memorandum Opinion and Order entered on February 12, 2014 [Doc. Nos. 47 and 48] and made final by Order entered February 27, 2014 [Doc. No. 55]. Plaintiffs seek recovery of their fees pursuant to 42 U.S.C. § 1988, which provides the right of recovery of reasonable attorneys fees to a prevailing party upon successful prosecution of a claim made under 42 U.S.C. § 1983. Here, that right has not yet been finally established.

Governor Beshear has appealed the rulings upon which Plaintiffs have asserted their right to recovery. [Doc. No. 68]. Therefore, Plaintiffs' claims for attorneys' fees are premature. Governor Beshear moves that Plaintiffs' motion be denied without prejudice, or held in abeyance, with the right to renew after final resolution of this matter upon appeal or,

alternatively, to reduce the amount of attorneys' fees requested to a reasonable figure and stay any award until final resolution of the appeal on the merits.

## ARGUMENT

## DENIAL WITHOUT PREJUDICE OF THE PLAINTIFFS' MOTION IS THE MOST PRUDENT COURSE OF ACTION.

This Court retains jurisdiction over Plaintiffs' motion for attorneys' fees pending appeal on the merits, but is not required to render judgment as to the merits of the motion prior to the resolution of the appeal. *Tancredi v. Metropolitan Life Ins. Co.,* 378 F.3d 220, 225 (2nd Cir. 2004). There is substantial precedent in multiple federal districts that the prudent action is either to stay the pending motion for attorney's fees or deny the motion without prejudice to allow for its re-filing in the event the appellate decision does not render the motion moot. For example, in *Gratz v. Bollinger,* 353 F.Supp.2d 929 (E.D. Mich. 2005), the district court waited until after appeals to the Sixth Circuit and the Supreme Court were complete before awarding fees. Relying upon *Gratz,* other district courts have held that "[s]taying the Fee Motion to after the appeals have been exhausted is necessary to avoid piecemeal litigation . . . . It would not be in the interest of judicial economy to award fees now, only to revisit the issue after the appellate litigation is complete." *Michigan Bldg. & Const. Trades Council, AFL-CIO v. Snyder*, 11-13520, 2012 WL 1893516 at *2 (E.D. Mich. May 23, 2012).[1]

The reasoning behind the issuance of a dismissal without prejudice is rooted in judicial economy and the necessity to avoid piecemeal litigation, as set forth in *Snyder.* The plaintiffs in

---

[1] *See also Kirmer v. Goodyear Tire & Rubber Co.,* 2012 WL 2564955 (E.D. La. July 2, 2012) (adopting recommendation of U.S. magistrate judge to dismiss without prejudice plaintiff's rule 54 motion for attorneys' fees as premature); *Art Midwest, Inc. v. Clapper,* 2004 WL 877613 (N.D. Tex. Apr. 20, 2004) (adopting recommendation of U.S. Magistrate Judge to deny rule 54 motions without prejudice to renewal after disposition of appeal on the merits); *Derringer v. Sewell,* CV08–8156–PHX–DGC, 2009 WL 2424662, at *1 (D. Ariz. Aug.7, 2009) (denying motion for attorneys' fees without prejudice pending appeal because of interest in judicial economy); *Ewing v. TWA Rest. Group, Inc.,* 08–2024–CM, 2009 WL 976490, at *1 (D. Kan. Apr.10, 2009) (same); *Quigley v. Gov't Emps. Ins. Co.,* 8:03–CV–1349–T–26EAJ, 2008 WL 384561, at *1 (M.D. Fla. Feb.11, 2008) (same). Copies of all unpublished cases cited herein are attached.

*Snyder* were presented with three potential outcomes regarding the award of fees based upon the appeal: (1) if the plaintiffs prevailed on appeal, they would be entitled to their previously incurred fees plus fees expended in defending the appeal; (2) if the defendant prevailed, the plaintiffs' motion was rendered moot; or (3) the court of appeals could have affirmed in part and reversed in part, leaving the plaintiffs potentially only entitled to a portion of their claimed fees. *Id.* Because of the different scenarios which included a potential that the court of appeals could reverse the lower court's judgment for the plaintiffs, the court found that the award of attorneys' fees was premature.

The same judicial economy concerns exist in this case. As the Court recognized in its Memorandum and Order staying its judgment pending appeal, the "ultimate resolution of these issues is unknown." [Doc. No. 71 p. 2]. In order to avoid piecemeal litigation and the potential necessity of the recoupment of awarded fees, the Plaintiffs' motion for attorneys' fees should be denied without prejudice, to be re-filed at a later date if necessary, or should be held in abeyance.

## IN THE ALTERNATIVE, THE ATTORNEYS' FEES REQUESTED BY THE PLAINTIFFS SHOULD BE REDUCED TO A REASONABLE AMOUNT.

Alternatively, should the Court decide to award attorneys' fees prior to the final resolution of the appeal on the merits, Governor Beshear requests that the fees requested by Plaintiffs be reduced to a reasonable amount. The "lodestar" method referenced by Plaintiffs' in their motion is merely the beginning of the analysis. In order for an accurate lodestar to be determined, the requesting party must provide adequate evidence supporting the claimed fees and any such hours not "reasonably expended" should be excluded. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There are multiple fee entries submitted by Plaintiffs' counsel that on their face do not appear to be have been reasonably expended, and the Court should reduce any award of fees accordingly.

I.  **FEES RELATED TO MEDIA/PUBLIC RELATIONS**

The bills submitted by the Canon firm [Doc. No. 60-3] contain approximately 21 hours (as included in block time entries) for interactions with the media, including press conferences and interviews occurring <u>after</u> this Court's award of summary judgment:

| DATE | DESCRIPTION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| 2/12/14 | Receive and review opinion; filed various media contacts, meet w clients & counsel | 6.00 | $250.00 | $1,500.00 |
| 2/14/14 | Press conferences and media interviews RE: Mot to intervene | 2.00 | $200.00 | $400.00 |
| 2/26/14 | Prep hearing for prelim inj/intervention; attend hearing; media contact | 4.00 | $250.00 | $1,000.00 |
| 2/27/14 | Press interview re: Mot to Stay | 1.00 | $200.00 | $200.00 |
| 2/28/14 | Press conference w/ media re: Mot to Stay and conference | 1.00 | $200.00 | $200.00 |
| 2/28/14 | Phone interview with media re: Order granting Stay | .50 | $200.00 | $100.00 |
| 2/28/13 | Prep/research & telephonic hearing on Motion to Stay; corresp w/ counsel; media contact | 3.00 | $250.00 | $750.00 |
| 3/4/14 | Press interviews | 1.00 | $200.00 | $200.00 |
| **TOTAL MEDIA FEES** | | | | **$4,350.00** |

The Defendant should not be responsible for reimbursing Plaintiffs' counsel for their interactions with the media. "The legitimate goals of litigation are almost always attained in the courtroom, not in the media." *Halderman v. Pennhurst State Sch. & Hosp.,* 49 F.3d 939, 942 (3rd Cir.1995)(denying similar attorneys fees) ( quoting *Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169 (4th Cir.1994)). In this case, the time spent by Plaintiffs' counsel conducting press

{00379768-1 }4

conferences and giving interviews cannot possibly be reasonably related to helping advance the litigation as these interactions took place after this Court awarded summary judgment. Similar expenses for public relations work have been rejected by other district courts. *See Gratz v. Bollinger*, 353 F. Supp. 2d at 941; *Utah Int'l, Inc. v. Dep't of Interior,* 643 F. Supp. 810, 831 n. 41 (D. Utah 1986)*,* and *Ramos v. Lamm,* 632 F.Supp. 376, 381 (D. Colo.1986). The attorneys' fees incurred for public relations should be rejected. *Id*.

## II. FEES RELATED TO THE INTERVENING PLAINTFFS

The bills submitted by the Canon firm [Doc. No. 60-3] also include fees for work performed on behalf of the Intervening Plaintiffs in this matter:

| DATE | FIRM | DESCRIPTION | HOURS | RATE | TOTAL |
|---|---|---|---|---|---|
| 2/13/14 | Canon | Meeting with Intervening Plaintiffs to discuss procedural steps | .30 | $200.00 | $60.00 |
| 2/14/14 | Canon | Final review of Mot to Intervene and Motion for Prelim Injunction & associate docs | 1.00 | $200.00 | $200.00 |
| 2/14/14 | Canon | Press Conference and media interviews RE: Motion to Intervene | 2.00 | $200.00 | $400.00 **[2] |
| 2/26/14 | Canon | Attend Conference w/ Judge regarding Motion to Intervene and effect of Final Order | 2.00 | $200.00 | $400.00 |
| 2/26/14 | Canon | Prep hearing for prelim inj/intervention; attend hearing; media contact | 4.00 | $250.00 | $1,000.00 |

---

[2] **This entry also appears in the table in Section 1 regarding media/public relations fees. This entry is included in the total for this table regarding Intervening Complaint fees. The grand total of $10,822.50 in the Conclusion paragraph reflects an adjustment of $400 to avoid duplication of the expense in the total reduction sought.

{00379768-1 }5

| 2/26/14 | Fauver | Status conference with Judge Heyburn, Fauver; Status Conference with Judge Heyburn, Elliot | 1.0 | $250.00 | $250.00 |
| --- | --- | --- | --- | --- | --- |
| **TOTAL INTERVENING FEES** | | | | | **$2,310.00 \*\*** |

In order to be eligible to be awarded fees and costs pursuant to 42 U.S.C. § 1988 the requesting litigant must be the "prevailing party." In order to be considered a "prevailing party" the party requesting attorney fees and costs must have prevailed on the merits of their case. *Hanrahan v. Hampton*, 446 U.S. 754 (1980). The gravamen of the Intervening Plaintiffs' Complaint is for them to be allowed to be married as same-sex couples within the Commonwealth of Kentucky. [Doc. No. 49-1]. The Court has not ruled upon this issue and its Memorandum Opinion ruled only upon the question of whether or not same-sex couples married in other jurisdictions should be recognized as married by the Commonwealth. [Doc. No. 47]. Since there has been no judgment made as to the merits of the Intervening Plaintiffs' case, any request for fees or costs related to the Intervening Plaintiffs is improper and should be excluded.

### III. UNNECESSARY FEES

Fees should also be reduced when found to be unnecessary. *Hensley* 461 U.S. at 433-34. Upon review of the submitted bills, Defendant has identified two instances where the fees claimed are clearly unnecessary:

| DATE | FIRM | DESCRIPTION | HOURS | RATE | TOTAL |
|---|---|---|---|---|---|
| 12/17/13 | Fauver | To and from Cincinnati to hear oral arguments on same sex-marriage case there, really 8.0 hours as both attorneys went | 8.00 | $250.00 | $2,000.00 |
| 12/29/13 | Fauver | To Frankfort to review state court action for research | 2.00 | $250.00 | $500.00 |
| TOTAL UNNECESSARY FEES | | | | | $2,500.00 |

As shown, Fauver has submitted a $2,000.00 bill for two lawyers to travel to and from Louisville to Cincinnati to attend oral arguments regarding an Ohio same-sex marriage case in the Southern District of Ohio. [Doc. No. 60-5]. This bill is unnecessary. Any briefs or opinions would have been available on PACER. As well, there are multiple entries in the Fauver bills [Doc. No. 60-5] referencing communications with counsel in an "Ohio case" which one could logically infer that counsel would have had access to pleadings and insight above and beyond that which was available to the public. As the Supreme Court has stated, only those fees "reasonably expended" are compensable. *Hensley* 461 U.S. at 434. Likewise, there is no adequate explanation that counsel's trip to Frankfort to review state court pleadings bears any relevance to the case at bar. The key requirement for an award of attorney fees is that "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 553 (6th Cir. 2008).

## IV.     REDUNDANT FEES FROM OVERSTAFFING

Courts have likewise reduced fees due to redundancy. *Hensley,* 461 U.S. at 434. Plaintiffs have submitted a request for fees from six different lawyers and three different firms. Undoubtedly, there are instances when input from more than one attorney is valuable and there is no question that using multiple attorneys can add value to a case, particularly where skill sets differ. Plaintiffs have not made a showing in this case, however, to support a staffing of six attorneys from three different firms.

There are some instances in this case where overstaffing has led to claiming unreasonable fees, however. For example, redundancies are evidenced in multiple preparations for and appearance for the telephonic stay hearing conducted on February 28, 2014:

| DATE | FIRM | DESCRIPTION | HOURS | RATE | TOTAL |
|---|---|---|---|---|---|
| 2/28/14 | Canon | Attend Conference w/ Judge re: Motion to Stay | 2.00 | $200.00 | $400.00 |
| 2/28/14 | Canon | Research re stay requirements, prep for hearing, telephonic hearing | 3.20 | $250.00 | $800.00 |
| 2/28/14 | Fauver | Status conf. with Judge Heyburn, Fauver | .75 | $250.00 | $187.50 |
| 2/28/14 | Fauver | Status conference with Judge Heyburn | .75 | $250.00 | $187.50 |
| TOTAL REDUNDANT FEES | | | | | $2,962.50 |

As reflected above, the respective counsel has billed for four attorneys (two from each respective office) to attend the telephonic stay hearing conducted on 2/28/14, for a total of 6.7 hours and $2,962.50. They have provided no documentation to support the need for four attorneys from two separate law firms to represent their clients' interest at the referenced hearing. Likewise, it is not possible from the block billing format to distinguish between the

{00379768-1 }8

time spent researching the stay issue and the time spent participating in the telephonic conference. "If the prevailing party has not already done so, the Supreme Court has advised district courts to exclude from a fee request hours that are redundant, for example due to overstaffing." *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 942 (E.D. Mich. 2005)(citing *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939); s*ee also Flowers v. Wiley,* 675 F.2d 704, 705 (5th Cir.1982) ("[t]here should have been no compensation for hours spent in duplicative activity or spent in the passive role of an observer while other attorneys performed"). These fees should be excluded. *See Hensley,* 461 U.S. at 434.

## V. ANY AWARD OF FEES AND COSTS SHOULD BE STAYED PENDING APPEAL ON THE MERITS.

Lastly, should the Court award attorneys' fees prior to the final resolution of the appeal on the merits, Governor Beshear would request that execution on that order be stayed until the appeal of the merits is finally resolved in the interest of judicial economy. See Order Staying Award of Attorney Fees Pending Appeal. *Maxwell's Pic-Pac, Inc. v. Dehner*, 3:11-CV-18-H, 2013 WL 1003692 (W.D. Ky. Mar. 13, 2013) (Doc. No. 93). *See also Rau v. Apple–Rio Mgmt. Co., Inc.,* 2000 WL 35591645 (N.D. Ga. Mar. 29, 2000).

## CONCLUSION

Based upon the foregoing, Defendant Steven L. Beshear, in his capacity as Governor of Kentucky, respectfully moves that Plaintiffs' motion for attorneys' fees be dismissed without prejudice, or held in abeyance, pending resolution of the appeal on the merits of this matter or alternatively that the fees and costs requested be reduced by at least $10,822.50 to reflect a reasonable figure and that any award of attorneys' fees be stayed until final resolution of the appeal on the merits. A proposed Order is attached.

Respectfully submitted,

       VanAntwerp, Monge, Jones, Edwards, &
        McCann, LLP
       /s/ Leigh Gross Latherow
       Leigh Gross Latherow
       William H. Jones, Jr.
       Gregory L. Monge
       1544 Winchester Avenue, 5th Floor
       P.O. Box 1111
       Ashland, KY  41105-1111
       (606) 329-2929; Fax (606) 329-0490
       wjones@vmje.com
       gmonge@vmje.com
       llatherow@vmje.com
       COUNSEL FOR DEFENDANT,
       STEVEN L. BESHEAR, in his official capacity as
       Governor of Kentucky

## **CERTIFICATE OF SERVICE**

 It is hereby certified that on April 4, 2014, the foregoing was filed with the clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all parties.

       /s/ Leigh Gross Latherow
       Leigh Gross Latherow