UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TIMOTHY LOVE et al. | INTERVENING PLAINTIFFS |
| v. | CIVIL ACTION NO. 3:13CV-750-H |
| STEVE BESHEAR et al. | INTERVENING DEFENDANTS |

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion to intervene filed by Chris Sevier, *pro se* (DN 78). This matter has been referred to the undersigned for purposes of addressing the pending motion to intervene only. On review, the Court concludes that a response is not needed.

It is unclear whether Sevier seeks to intervene in the original action which is on appeal or in the continuing intervening complaint.

To the extent that he seeks to intervene in the original action, "'[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). "[A] notice of appeal divests the district court of jurisdiction to resolve a motion to intervene filed after a notice of appeal." *Id.* (quoting *Bowling v. Pfizer, Inc.*, No. 92-4297, 1993 WL 533620, at *1 (6th Cir. 1993)). The Court, therefore, **declines to rule on the motion to intervene as it relates to the original action**.

To the extent Sevier seeks to intervene in the remaining intervening complaint, he moves as of right under Rule 24(a) of the Federal Rules of Civil Procedure and for permissive

intervention under Rules 24(b). As a preliminary matter, the Court notes that Sevier seeks "to intervene in this matter "as a Plaintiff on behalf of the other minority sexual orientation groups." The Court advises, however, that 28 U.S.C. § 1654 "does not permit plaintiffs to appear pro se where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt,* 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted). Although Sevier states that he is a "former Judge Advocate," he does not indicate that he currently practices law or has an active bar license and does not provide a bar number or any indication of where he is admitted to practice law.

Irrespective of whether Sevier is a lawyer in good standing or not, upon review of the motion to intervene in conjunction with the law and in relation to the remaining intervening complaint pending before the Court, the Court concludes that Sevier has failed to meet the standards for intervention as of right and for permissive intervention. He does not assert that he has either an unconditional or a conditional right to intervene by federal statute. *See* Fed. R. Civ. P. 24(a)(1) and (b)(1)(A). Further, the Court finds that Sevier is not "so situated that disposing of the action may as a practical matter impair or impede [his] ability to protect [his] interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Finally, the Court finds that Sevier does not have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

For these reasons, **IT IS ORDERED** that Sevier's motion to intervene (DN 78) in the remaining intervening complaint is **DENIED**.

Date:



cc: Chris Sevier, *pro se*
 Counsel of Record
4413.005