UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-750-H

| | |
|---|---|
| TIMOTHY LOVE, *et al.* | PLAINTIFFS |
| V. | |
| STEVE BESHEAR | DEFENDANT |

**MEMORANDUM OPINION**

Plaintiffs move for attorney's fees in the amount of $66,235.00 and costs in the amount of $453.00 in connection with their successful 42 U.S.C. § 1983 claim.  Prevailing parties under § 1983 are entitled to an award of reasonable attorney's fees.  42 U.S.C. § 1988.  On February 26, 2014, the Court issued a final order declaring that K.R.S. 402.055, .020, .040, .045 and Section 233A of the Kentucky Constitution violate the Equal Protection Clause of the Fourteenth Amendment of the United States to the extent that they deny validly married same-sex couples equal recognition and benefits under Kentucky and federal law.  Consequently, Plaintiffs are "prevailing parties" within the meaning of § 1988.[1]  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (" '[P]laintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278−79 (1st Cir. 1978))).

---

[1] The prevailing parties are Plaintiffs named in the Amended Complaint filed on November 15, 2013. ECF No. 31 (naming Gregory Bourke and Michael Deleon, and their minor children; Jimmy Lee Meade and Luther Barlowe; Randell Johnson and Paul Campion, and their minor children; and Kimberly Franklin and Tamara Boyd). The prevailing parties do not include Intervening Plaintiffs named in the Intervening Complaint filed on February 27, 2014. ECF No. 54 (naming Timothy Love, Lawrence Ysunza, Maurice Blanchard, and Dominique James). This case was restyled on February 27, 2014. ECF No. 57.

Defendant[2] argues that the motion should be denied without prejudice or held in abeyance pending resolution of the appeal on the merits currently before the Sixth Circuit. He also objects to certain expenses, including (1) fees related to media and public relations, (2) fees related to the intervening plaintiffs, (3) unnecessary fees, and (4) redundant fees from overstaffing. Finally, he argues that any award of fees and costs should be stayed pending appeal.

This was a difficult, novel case in which Plaintiffs' counsel showed considerable skill and determination. Counsel's hourly rate of approximately $250, and their total hours of 275.54, was most certainly reasonable. In fact, the total seems quite modest. Because Plaintiffs undertook a difficult, unpopular case and achieved remarkable success, the Court concludes that counsel is entitled to a small bonus to account for this risk. The Court will now consider Defendant's specific objections.

First, the Court agrees that media and public relations expenses are not properly included in the calculation of Plaintiffs' attorney's fees. *See Halderman by Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1995) ("[t]he legitimate goals of litigation are almost always attained in a courtroom, not in the media." (quoting *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 176 (4th Cir. 1994))); *Hopwood v. Texas*, 999 F. Supp. 872, 912−13 (W.D. Tex. 1998) (denying requests for fees related to public and media relations), *aff'd in part, rev'd in part sub nom.* 236 F.3d 256, 280−81 (5th Cir. 2000).[3] Second, the Court agrees that fees

---

[2] Former Defendant Attorney General Jack Conway also filed a response to Plaintiff's motion but was previously dismissed as a Defendant in this case by the Court's March 24, 2014 Order. The Court therefore cannot consider Defendant Conway's response.

[3] Even if the Court were to consider allowing media-related expenses, the interactions with the media in this case were not "reasonably necessary for the proper prosecution of the lawsuit." *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 941 (E.D. Mich. 2005) (quoting *Keyes v. Sch. Dist. No. 1, Denver, Colorado*, 439 F. Supp. 393, 408 (D. Colo. 1977)) (internal quotation marks omitted). Plaintiffs' counsel contend that their efforts were aimed to "educate the public." Counsel have not shown that these efforts assisted in the litigation. *Compare Davis v. City & County of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992) (finding attorney's fees for lobbying the San Francisco Board of

related to the Intervening Plaintiffs, who have not yet been successful on the merits, are not properly included. *See Hanrahan v. Hampton*, 446 U.S. 754, 756 (1980).[4]

However, some of the entries cited by Defendant in its Response include both objectionable and unobjectionable activities. The February 26, 2014 media and public relations entry reads: "Prep hearing for prelim inj/intervention; attend hearing; media contact." To the extent that the four hours billed relate to the Intervening Plaintiffs or to media contact, they should be excluded. For ease, the Court will award half of the billed amount, or $500, instead of $1000. Similarly, the February 28, 2014[5] entry reads: "Prep/research & telephonic hearing on Motion to Stay; corresp w/ counsel; media contact." To the extent the three hours billed relate to media contact, they should be excluded. Again for ease, the Court will award two thirds of the billed amount, or $500, instead of $750.

As to Defendant's third objection, Plaintiffs' counsel properly included expenses incurred while traveling to observe proceedings in related cases. With a case such as this one that presents novel issues, and in which many plaintiffs are involved, the Court does not find staffing multiple attorneys on a single telephonic hearing deciding the important issue of whether the Court would grant a stay of its final order in the case objectionable.

---

Supervisors was vital to the ultimate employment discrimination consent decree and thus compensable), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993); *Keyes*, 439 F. Supp. at 408 (finding in a public school desegregation case that time spent using the news media to reach some hard-to-reach segments of the plaintiff class was compensable).

[4] Should the Intervening Plaintiffs succeed on their claims, counsel may request attorney's fees and costs related to Intervening Plaintiffs occurring prior to the Court's February 26, 2014 Order.

[5] The entry provided by Plaintiffs' counsel and cited by Defendant is dated 2013 instead of 2014. The Court assumes this is a scrivener's error.

Therefore, the award of attorney's fees and costs to Plaintiffs' counsel will be reduced by $3,600, the amount attributable to media and public relations,[6] and by a further $2,310, the amount attributable to work performed on behalf of the Intervening Plaintiffs.

The Court will award a $10,000 bonus to account for Plaintiffs' risk and success in this litigation.  In the interest of judicial economy, execution on this order will be stayed until the Sixth Circuit appeal is resolved.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' motion for attorney's fees and costs is SUSTAINED and Plaintiffs are awarded $70,325.00 for attorney's fees and $453.00 for costs.

IT IS FURTHER ORDERED that this order is STAYED pending the resolution of Defendant's appeal before the Sixth Circuit Court of Appeals.

Date:

cc:     Counsel of Record

---

[6] This amount is the total amount objected to by Defendant, $4,350, minus the Court's disallowances, $750, for a total of $3,600 to be deducted from Plaintiffs' award of attorney's fees.